UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEPHEN K. BEDWELL, and TE-KHI
TRAVEL COURT, INC.,

    Plaintiffs,

v.

U.S. BANK NATIONAL ASSOCIATION,
as Trustee for FMAC LOAN RECEIVABLES
TRUST 1998-C and FMAC LOAN
RECEIVABLES TRUST 1998-D, and
CAPMARK FINANCIAL GROUP, INC.,

    Defendants.
                                /

File No. 1:09-CV-254

HON. ROBERT HOLMES BELL

## **O P I N I O N**

This matter is before the Court on Plaintiffs' motion for jury trial. (Dkt. No. 19.) For the reasons that follow the motion will be denied.

### I.

A party waives a jury trial unless it makes a jury demand within ten days of the last pleading. Fed. R. Civ. P. 38(d). However, if a party fails to make a timely jury demand, the court, on motion, may order a jury trial on any issue for which a jury might have been demanded. Fed. R. Civ. P. 39(b). "'A district court has broad discretion in ruling on a Rule 39(b) motion.'" *Moody v. Pepsi-Cola Metro. Bottling Co., Inc.*, 915 F.2d 201, 207 (6th Cir. 1990) (quoting *Kitchen v. Chippewa Valley Sch.*, 825 F.2d 1004, 1013 (6th Cir. 1987)).

However, "the court's discretion should be exercised in favor of granting a jury trial where there are no compelling reasons to the contrary." *Id.* (citing *Kitchen*, 825 F.2d at 1013). Factors that have been identified as being relevant to the court's exercise of its discretion are:

> (1) whether the case involves issues which are best tried to a jury; (2) whether granting the motion would result in a disruption of the court's schedule or that of the adverse party; (3) the degree of prejudice to the adverse party; (4) the length of the delay in having requested a jury trial; and (5) the reason for the movant's tardiness in requesting a jury trial.

*Parrott v. Wilson*, 707 F.2d 1262, 1267 (11th Cir. 1983). The Sixth Circuit does not disagree with the relevance of these factors, but it has indicated that the nonmovant's failure to show any discernable prejudice may alone be sufficient to justify granting a delayed motion for a jury trial. *Moody*, 915 F.2d at 207-08.

Plaintiffs filed this action in the Calhoun County Circuit Court on March 2, 2009. Defendants filed their answer on March 30, 2009. The parties indicated in their May 18, 2009, Joint Status Report that Plaintiffs would file a motion for a jury trial. (Dkt. No. 11.) In the June 2, 2009, First Case Management Order, the Court ordered that all motions to amend pleadings be filed by July 20, 2009, and that all discovery be completed by November 23, 2009. (Dkt. No. 13.) Plaintiffs did not file their motion for jury trial until October 9, 2009. (Dkt. No. 19.)

Plaintiffs acknowledge that they did not file a timely demand for a jury trial. They nevertheless request the Court to exercise its discretionary power to grant a jury trial because

their waiver of a jury trial was inadvertent, and because Defendants will not be prejudiced by their delayed request.

The Court is not inclined to grant Plaintiffs' request. If Plaintiffs' failure to request a jury trial was truly inadvertent, the Court would have expected Plaintiffs to attempt to cure the oversight as soon as it was discovered. Instead, although Plaintiffs acknowledged in May that they intended to file a motion for jury trial, they did not file the motion until October. This delay suggests that the issue of whether to demand a jury trial was a matter of strategy rather than inadvertence.

The Court also observes that Plaintiffs have contractually waived their right to a jury trial on some, if not all of their claims in this case. The Business Loan Agreement contains the following provision directly above Defendant Bedwell's signature as President of Defendant Te-Khi Travel Court, Inc.:

> 10.2 **Waiver of Jury Trial.** BORROWER ACKNOWLEDGES THAT THE RIGHT TO TRIAL BY JURY IS A CONSTITUTIONAL ONE, BUT THAT IT MAY BE WAIVED. BORROWER, AFTER CONSULTING (OR HAVING HAD THE OPPORTUNITY TO CONSULT) WITH COUNSEL OF ITS CHOICE, KNOWINGLY AND VOLUNTARILY AND FOR ITS BENEFIT WAIVES ANY RIGHT TO A TRIAL BY JURY WITH RESPECT TO ANY CLAIM, DISPUTE, CONFLICT, OR CONTENTION, IF ANY, AS MAY ARISE UNDER THIS LOAN AGREEMENT OR THE LOANS, AND AGREES THAT ANY LITIGATION BETWEEN THE PARTIES CONCERNING THIS LOAN AGREEMENT OR THE LOANS SHALL BE HEARD BY A COURT OF COMPETENT JURISDICTION SITTING WITHOUT A JURY.

(Dkt. No. 24, Ex. D ¶ 10.2.) The Notes, Mortgages, and Security Agreements contain similar waivers of the right to a jury trial. (*Id.*, Exs. E, F, P ¶ 16.4, Q ¶ 16.4, R ¶ 12, S ¶ 12.)

Finally, Defendants contend that they would be prejudiced by the delayed motion for trial by jury. According to Defendants, this case grows out of a complex business dispute, involves numerous documents, and is intertwined with a complex companion bankruptcy proceeding. Defendants contend that their strategy and discovery decisions were based on their expectation of a bench trial, and that they would have done things differently had they known that this case would be tried to lay fact-finders.

In view of Plaintiffs' lack of explanation for its delayed motion for trial by jury, the contractual waivers of the right to jury trial, the complex subject matter, and Defendant's plausible showing of prejudice, the Court concludes that Plaintiffs' motion for jury trial should be denied.

An order consistent with this opinion will be entered.


Dated: November 13, 2009            /s/ Robert Holmes Bell
                                    ROBERT HOLMES BELL
                                    UNITED STATES DISTRICT JUDGE